# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JAMES RAY PHIPPS, | ) | |
| ID # 25807-001, | ) | |
|     Movant, | ) | No. 3:17-CV-2720-M (BH) |
| vs. | ) | No. 3:06-CR-0114-M (01) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit as a successive motion. Movant's request for a certificate of appealability should be **DENIED** as unnecessary.

## I. BACKGROUND

Jamese Ray Phipps ("Movant") was found guilty of mail and wire fraud, aiding and abetting, obstruction of internal revenue laws, and income tax evasion. (*See* doc. 120.)[1] He was sentenced to 210 months in prison with three years of supervised release. (*See* doc. 263.) After an unsuccessful direct appeal, *see United States v. Phipps*, 595 F.3d 243 (5th Cir. 2010), *cert. denied*, 130 S. Ct. 336 (2010), Movant filed a motion under 28 U.S.C. § 2255 challenging his conviction. (*See* 3:10-CV-2038-M, doc. 1.) That motion was denied on June 25, 2012. (*See* 3:10-CV-2038-M, doc. 18.)

In his current § 2255 motion, received on October 3, 2017, Movant argues that the evidence

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:06-CR-114-M.

was insufficient to support his convictions and that the prosecutor committed misconduct at trial. (*See* 3:17-CV-2720-M, docs. 2, 5.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* Movant was required to present all available claims related to his conviction or sentence in his first § 2255 motion. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Here, Movant challenges the same criminal judgment as in his prior § 2255 motion, which

2

was denied. Because he now raises claims that he could have raised in his earlier motion, this motion is successive within the meaning of § 2255.

When a motion to vacate is successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider Movant's successive § 2255 motion, this Court lacks jurisdiction over it. A district court may dismiss such a motion. *See Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Fulton*, 780 F.3d at 686. Movant's motion should be transferred to the Fifth Circuit.

### III. CERTIFICATE OF APPEALABILITY

Movant also seeks a certificate of appealability ("COA"). (*See* 3:17-CV-2720-M, doc. 4.) Although a COA is required to appeal a district court's order that denies a § 2255 motion, no COA is required to appeal an order that transfers a motion as successive. *See Fulton*, 780 F.3d at 686

3

("We hold that a transfer order under [28 U.S.C.] § 1631 is not a final order within the meaning of § 2253(c)(1)(B), and the appeal of such an order does not require a COA."). Because Movant's successive § 2255 motion should be transferred to the Fifth Circuit, his request for a COA should be denied as unnecessary.

## IV. RECOMMENDATION

The motion to vacate filed under 28 U.S.C. § 2255 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Fulton*, 780 F.3d at 686. The motion for a certificate of appealability should be **DENIED** as unnecessary.

**SIGNED this 5th day of October, 2017.**

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE